**24-cv-00391-HG-LB**

Hillary Wright
Plaintiff pro se
35 Park Pl, #1
Brooklyn, NY 11217
580-304-6241
hwrightcopyright@gmail.com

**Gonzalez, J**

**Bloom, MJ**

RECD IN PRO SE OFFICE
JAN 17 '24 PM 3:26

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HILLARY WRIGHT, | ) ) ) Case No: |
| Plaintiff pro se, | ) ) |
| v. | ) **COMPLAINT** ) |
| NBCUNIVERSAL MEDIA LLC, and DOES 1-10, | ) ) |
| Defendants. | ) ) |
| | ) **DEMAND FOR JURY TRIAL** |

### I.  INTRODUCTION

1.      Plaintiff HILLARY WRIGHT ("Ms. Wright" or "plaintiff") is a citizen-journalist,

documentarian, media creator, activist and a full-time resident of Brooklyn, New York.

Defendants have wilfully infringed on plaintiff's copyright for the video that is the subject

of this claim (the "Video") in violation of 17 U.S.C. § 101 *et seq* and § 1201 *et seq*. Plaintiff

has suffered damages well in excess of $75,000, and defendant NBCUNIVERSAL MEDIA

LLC ("NBC New York") has profited, from their infringement.

2.      To challenge this, plaintiff brings this action against defendants to recover

damages, profits, statutory damages, costs and attorney's fees pursuant to 17 U.S.C §§

504(b),(c)(1) & (2), 17 U.S.C § 505 and 17 U.S.C §§ 1203(c)(2), (3) & (4) for defendants'

copyright violations.

---

## II.  JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) by

virtue of federal questions arising from violation of copyright law and under 28 U.S.C

§ 1338(b) by virtue of plaintiff's claim for unfair competition.

4.      This Court has personal jurisdiction over each defendant because each defendant

does a significant amount of business, and has sufficient business contacts, within this

district, including broadcasting their news products primarily to residents of this district.

5.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that a

substantial part of the events giving rise to plaintiff's claims occurred in this district, that

a substantial part of property that is the subject of the action is situated in the district

and in that corporate defendants reside in the District pursuant to 28 U.S.C. § 1391(d).

6.      Venue is also proper in this judicial district under 28 U.S.C. § 1400(a) in that

defendants, and their agents, reside or can be found in the district.

## III.  PARTIES

7.      All prior statements are hereby incorporated by reference.

8.      Plaintiff HILLARY WRIGHT is a citizen-journalist, documentarian, media creator

and activist and a full-time resident of Brooklyn, New York, since 2019. She holds a

bachelor's degree in journalism from the University of Oklahoma and a master's degree

from Columbia University's Teachers College. She has extensive professional experience

as a writer, media creator, media platform operator, speaker, educator and college

professor and has done this work domestically and internationally for over 15 years.

9.    Defendant NBCUNIVERSAL MEDIA LLC, d/b/a WNBC, News 4 New York, NBC 4

New York and www.nbcnewyork.com, is a domestic limited liability company registered

in the state of New York with its headquarters at 30 Rockefeller Plaza, New York, NY.

Upon information and belief, at all times relevant NBC New York owned, published and

operated local news programming which aired on television at WNBC and online at

www.nbcnewyork.com, which derive their primary revenue through selling

advertisements which are delivered to its viewers and online readers.

10.    NBC New York's primary reporting and broadcast area includes Kings County and

daily covers stories arising out of Kings County and is viewed and read by at least

hundreds-of-thousands of people throughout this district.

11.    Defendants DOES 1-10 ("Does 1-10") are parties who are not yet identified and

were acting in their scope of employment or engagement with NBC New York as

employees, agents or contractors. The true names, whether corporate, individual or

otherwise, of Doe Defendants are presently unknown to plaintiff. Therefore plaintiff sues

these defendants by such fictitious names and will seek leave to amend this complaint to

show their true names and capacities when these are known to plaintiff through

discovery.

12.    On information and belief, at all times relevant, all defendants were aware of their

duty and obligation to comply with all copyright laws and were at all times relevant

acting within the scope of such agency, affiliation, alter-ego relationship and/or

employment; and actively participated in or subsequently ratified and/or adopted each of

the acts or conduct alleged, with full knowledge of all the facts and circumstances,

including, but not limited to, full knowledge of each violation of plaintiff's rights and the damages to plaintiff proximately caused thereby.

13.     Defendants have violated plaintiff's right to first public publication or to authorize first public publication, right to reproduce or authorize reproduction, to prepare or authorize preparation, to distribute copies of or authorize distribution of copies of, perform or authorize to perform and to display or authorize display of plaintiff's Video, and any derivatives or extensions of it including still images, for which plaintiff is, and was at all times relevant, the author and exclusive copyright owner in violation of 17 U.S. Code §§ 106(1)(2)(4)&(5).

## IV.  STATEMENT OF FACTS

### I.  Plaintiff's Work as a Journalist and Activist

14.     All prior statements in this complaint are hereby incorporated by reference.

15.     During, and in the wake of, Black Lives Matter and related protests sparked in May 2020 by the Minneapolis police murder of George Floyd, Plaintiff Wright began to document her first-hand experience as an activist on the frontlines of these protests in the New York City area by frequently creating and publishing photos, videos and written reports to her Instagram and Twitter accounts with the intent of telling a more up-close, accurate and reflective story than traditional media's coverage of the same.

16.     Ms. Wright used her Instagram and Twitter accounts as informative media platforms for publishing of photo, video and written content, and real-time, frontline reporting, on protests and related stories between 2020 and 2022. Her work was shared and viewed by hundreds-of-thousands of people and her social media accounts became a

key source for frontline coverage of these protests that was highly respected and valued by those seeking more genuine, up-close and accurate accounts, as well as by media outlets of all sizes.

17.     In fact, during the course of this work plaintiff "broke" several emerging protest-related stories that, once she documented them, were picked up as prominent local, national and international news stories by some of the most credible media outlets in the world including NBC and ABC's national news.

18.     By purposefully and intentionally maintaining control of the platforms she reported from, and distribution of her photos, videos and other content, Plaintiff ensured that this content could not be separated from the context of her coverage and therefore could not be inaccurately reframed, depoliticized or used without her consent.

19.     Plaintiff took substantial risks to her health, wellbeing and personal and professional life to document these events in the manner that she did. This included physical and verbal assaults by police officers and right-wing counter protestors which led to physical and mental injury, false arrest and severe online and in-person harassment. This included the incident depicted in the Video in which NYPD officer Artem Prusayev pulled his gun on plaintiff and other nearby protestors, for which the city of New York and the NYPD settled a federal lawsuit with plaintiff and several others.[1]

20.     Plaintiff built a strong credibility as a citizen-journalist, documentarian and activist which holds substantial value and was a direct result of her labor and assumed

---

[1] See *Velez et al. v. Prusayev et al.,* NYED 2022

risks. She also spent a significant amount of time, skill and financial resources in performing, and as a result of, this work.

21.     Plaintiff leveraged a direct and extended audience to raise significant amounts of money for harmed and injured protestors, causes and targeted communities solely and directly through her Instagram account and as a direct result of her documentation and coverage through that account and the audience that she built there.

22.     Due to infringement by defendants, plaintiff was required to privatize her social media accounts which substantially hindered her ability to raise these funds afterwards, to continue reporting on protests and related events and to continue to grow her audience. As a result, plaintiff suffered damages.

23.     Plaintiff's frontline content holds significant monetary value both in the present and future due to its historic nature.

## II.   The Events and Video That are the Subject of this Complaint

### A.   The Events

24.     On January 12th, 2021, plaintiff - in the course of her work as a citizen-journalist, documentarian and activist - attended a protest that began at the Barclays Center in Brooklyn, New York, in response to the police murder of Andre Hill, a Black man in Columbus, Ohio. This also came in the midst of political turmoil and unrest due to the 2020 presidential election and the January 6th right-wing insurrection at the nation's capitol, which had happened just a week prior.

25.     Shortly after the protest began, protestors approached NYPD officer Prusayev and demanded that he put on a mask due to the Covid-19 pandemic. In response, Prusayev pulled his gun on, and menaced, these same protestors.

**B.  The Video**

26.     Plaintiff was only feet away and was recording on her phone when this happened.

27.     Plaintiff published the video to her Instagram and Twitter accounts - which used the handle @HillaryWright and name "Hillary Wright" - that night. Plaintiff's posts, which included the Video, were quickly shared across social media where they were seen by hundreds-of-thousands of people.

28.     Plaintiff also gave consent for various local news media outlets to use her Video beginning on January 12th, 2021, which they did, and which resulted in public display and access to her Video.

29.     Plaintiff captured the Video in a particular and specific way that relied on her artistic and editorial skills as well as knowledge of the political landscape, and resulting social movements and protests, which was gained through, among other things, her work as a citizen-journalist, documentarian and activist.

30.     Plaintiff is, and was at all times relevant, the sole author and exclusive copyright owner of the Video, an original, published work, as effectively registered with the United States Copyright Office on September 26th, 2023, which was within one month of plaintiff discovering defendants' infringement.

31.     Plaintiff's Video and Instagram and Twitter accounts contained copyright management information as defined by 17 U.S.C. § 1202(c) and she relied on, and

benefited from, technological measures provided by the platforms she posted her work

to to protect her work from infringement, including the Video.

### III. Defendants' Infringement and Other Copyright Violations

32.     On January 17th, 2021, NBC New York and DOES 1-10 infringed plaintiff's

copyright when they copied, displayed, published and performed a substantial portion of

plaintiff's Video on the NBC New York nightly television news broadcast at

approximately 6:15pm and without the consent of, or compensation to, plaintiff in

violation of 17 U.S.C. §101 *et seq.* The aired video was identical to plaintiff's Video as she

posted it to her Instagram and Twitter accounts.



(Screenshot of still image from plaintiff's Video as it appeared at on the NBC New York
6pm news broadcast on Jan. 17th, 2021)

33.     Defendants used plaintiff's Video for commercial profit. The news segment the Video was aired within contained numerous paid advertisements and NBC New York profited directly and substantially from these advertisements and use of plaintiff's copyrighted work.

34.     At all times relevant defendants had direct and immediate knowledge that plaintiff should have been compensated for their reproduction, copying, display, publication and public performance of her Video and that the Video's inclusion would directly generate revenue, and reduce costs, for NBC New York while financially, and otherwise, harming plaintiff.

35.     Defendants circumvented technological measures relied on by plaintiff to protect her Video from infringement when they accessed plaintiff's Video, and copied it, from her Instagram and Twitter accounts in violation of 17 U.S.C. §1201 *et seq.*

36.     Defendants removed plaintiff's copyright management information from the Video, which was included on her Instagram and Twitter accounts along with the Video, in violation of 17 U.S.C. §1201 *et seq.*

37.     Upon information and belief, defendants used plaintiff's Video in additional television broadcasts and online articles, the extent of which will be learned through discovery.

38.     Upon information and belief, and at all times relevant and currently, NBC New York properly licenses and cites, with proper copyright management information included, copyright owners upon airing their content, demonstrating that infringement of plaintiff's Video was wilful.

39.     Additionally, by virtue of their place as a multi-million-dollar news media company, at all times relevant, defendants were each aware of their duty to adhere to all copyright laws and that their conduct represented infringement or, at least, recklessly disregarded that possibility and therefore defendants infringing acts were wilful.

40.     Defendants took on no risk or cost to cover these subjects in the same manner as plaintiff, while plaintiff took on substantial and significant risk and cost to do the same and therefore defendants have substantially, financially gained from plaintiff's labor and skill and at plaintiff's financial, energetic, temporal, mental and physical expense.

### FIRST CAUSE OF ACTION
### Direct Copyright Infringement, 17 U.S.C. 106(1)
### Against all defendants

41.     All prior statements in this complaint are hereby incorporated by reference.

42.     Defendants unlawfully and wilfully infringed on plaintiff's copyright when they - for commercial purposes - created a copy of plaintiff's Video and publicly displayed the Video on the NBC New York broadcast, without license or consent from plaintiff, or providing plaintiff with any compensation, or offer of compensation, in exchange for the reproduction and use of the Video.

43.     Plaintiff is therefore entitled to actual damages suffered from the infringement, and any additional profits gained that are attributable to the infringement or, if plaintiff elects prior to final judgment, and because defendants' infringement was wilful, for statutory damages of up to $150,000 per infringed work as well as reasonable costs and attorneys fees related to bringing this claim.

## SECOND CAUSE OF ACTION
### Direct Copyright Infringement, 17 U.S.C. 106(4)
### Against all defendants

44.    All prior statements in this complaint are hereby incorporated by reference.

45.    Defendants each directly, unlawfully and wilfully infringed on plaintiff's copyright when they - for commercial purposes - performed plaintiff's Video publicly on the NBC New York broadcast, without obtaining any license, or other express consent from plaintiff, or providing plaintiff with any compensation, or offer of compensation, in exchange.

46.    Plaintiff is therefore entitled to actual damages suffered from the infringement, and any additional profits gained that are attributable to the infringement or, if plaintiff elects prior to final judgment, and because defendants' infringement was wilful, for statutory damages of up to $150,000 per infringed work as well as reasonable costs and attorneys fees related to bringing this claim.

## THIRD CAUSE OF ACTION
### Circumvention of Technological Measures, 17 U.S.C. 1201(a)(1)(A)
### Against all defendants

47.    All prior statements in this complaint are hereby incorporated by reference.

48.    Defendants unlawfully avoided and bypassed a technological measure that required the application of information, and a process, with the authority of plaintiff, to gain access to her Video when they bypassed Twitter and Instagram's storage of plaintiff's Video behind electronic login methods to make a copy of her video, without her consent.

49.     Defendants did so with the direct and immediate knowledge that plaintiff used this technological measure to protect her Video from unlawful and unauthorized use and with the knowledge that they did not have her consent.

50.     Plaintiff is therefore entitled to statutory damages of no less than $200, and no more than $2,500, for this violation as well as reasonable costs and attorneys fees related to bringing this claim.

51.     And, if defendant has been found by U.S. District Court to have violated **17 U.S.C. 1201(a)(1)(A)** within the past three years, plaintiff is entitled to treble damages of no less than $600 and no more than $7,500 for this violation.

### FOURTH CAUSE OF ACTION
**Removal of Copyright Management Information, 17 U.S.C. 1201(b)(1)**
**Against all defendants**

52.     All prior statements in this complaint are hereby incorporated by reference.

53.     Defendants unlawfully and intentionally removed and altered plaintiff's copyright management information from her Instagram and Twitter accounts when publicly displaying the Video in their broadcast without this information.

54.     Plaintiff is therefore entitled to statutory damages of no less than $2,500, and no more than $25,000, for this violation as well as reasonable costs and attorneys fees related to bringing this claim.

55.     And, if defendant has been found by U.S. District Court to have violated **17 U.S.C. 1201(b)(1)** within the past three years, plaintiff is entitled to treble damages of no less than $600 and no more than $7,500 for this violation.

## FIFTH CAUSE OF ACTION
### Removal of Copyright Management Information, 17 U.S.C. 1201(b)(1)
### Against all defendants

56.     All prior statements in this complaint are hereby incorporated by reference.

57.     Defendants unlawfully and intentionally distributed and publicly performed plaintiff's Video works while knowing or having reasonable grounds to know that the copyright management information was removed or altered without consent of plaintiff and knowing or having reasonable grounds to know, that the same would induce, enable, facilitate, or conceal an infringement of any plaintiff's copyright when they publicly performed and displayed her Video while knowing that her name, Twitter and Instagram handles, and other identifying information, had been removed or altered.

58.     Plaintiff is therefore entitled to statutory damages of no less than $2,500, and no more than $25,000, for this violation as well as reasonable costs and attorneys fees related to bringing this claim.

59.     And, if defendant has been found by U.S. District Court to have violated **17 U.S.C. 1201(b)(1)** within the past three years, plaintiff is entitled to treble damages of no less than $600 and no more than $7,500 for this violation.

## NINTH CAUSE OF ACTION
### Misappropriation
### Against all defendants

60.     All prior statements in this complaint are hereby incorporated by reference.

61.     Defendants misappropriated Plaintiff's work, which took substantial time, skill, effort, risk and money to create, and therefore are jointly and severally liable for her damages caused by this.

---

Complaint - *Wright v. NBCUNIVERSAL MEDIA LLC et al.*                               13

62.     Plaintiff is therefore entitled to recover compensatory damages and punitive

damages in an amount to be determined at trial and is also entitled to interest and

reasonable costs and attorneys fees associated with bringing this claim.

### TENTH CAUSE OF ACTION
#### Unjust Enrichment
#### Against NBC New York

63.     All prior statements in this complaint are hereby incorporated by reference.

64.     NBC New York was unjustly enriched when plaintiff unknowingly conferred a

benefit in the form of her Video, and her labor, skill and risk, to them without Plaintiff

receiving proper restitution and therefore Defendants are jointly and severally liable for

an equitable remedy.

### THIRTEENTH CAUSE OF ACTION
#### Unfair Competition
#### Against NBC New York

65.     All prior statements in this complaint are hereby incorporated by reference.

66.     NBC New York engaged in unfair competition when they, without authorization,

reproduced Plaintiff's copyrighted work, which was a result of her knowledge and labor

and which competed with NBC New York's product.

67.     Plaintiff is therefore entitled to recover compensatory damages and punitive

damages in an amount to be determined at trial.

### V.  RELIEF SOUGHT

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

1.  **ENJOINING** each defendant, or anyone acting on their behalf now or in the future,

    from infringing plaintiff's copyrighted works, including the subject Video, and

**ORDERING** defendant to immediately remove plaintiff's copyrighted Video and any derivatives from www.nbcnewyork.com and anywhere else it has been used that is owned or operated by defendants;

2. **FINDING** that all acts of infringement and additional copyright violations of plaintiff's work were wilful and **AWARDING** all profits of NBC New York, plus all losses and damages suffered by plaintiff, plus any other monetary advantage gained by defendants through their copyright infringement of plaintiff's work, the exact sum to be proven at the time of trial, or, if elected before final judgment, maximum statutory damages to the extent they are available under 17 U.S.C. § 504, and other applicable law.

3. **AWARDING** maximum statutory damages to plaintiff for defendants' removal of her copyright management information and circumvention of technological measures used to infringe her copyright to the full extent they are available under 17 U.S.C. § 1203(c)(3), and other applicable law;

4. **FINDING** NBC New York liable for misappropriation of plaintiff's work and **AWARDING** compensatory damages and punitive damages in an amount to be determined at trial;

5. **FINDING** that NBC New York was unjustly enriched through unlawful use of plaintiff's copyrighted work and **AWARDING** compensatory damages and punitive damages in an amount to be determined at trial, interest and reasonable costs and attorneys fees associated with bringing this claim.

6. **FINDING** that NBC New York has engaged in unfair competition against plaintiff and awarding compensatory damages and punitive damages in an amount to be determined at trial, interest and reasonable costs and attorneys fees associated with bringing this claim.

7. **ORDERING** that a constructive trust be entered over any revenues or other proceeds realized by NBC New York, and each of them, through their infringement of Plaintiff's intellectual property rights;

8. **AWARDING** plaintiff any other damages, whether actual or statutory, costs and attorneys fees available to her under copyright law, or any other law;

9. **AWARDING** plaintiff her costs and attorneys' fees to the extent they are available under the Copyright Act, 17 U.S.C. § 101, *et seq.* and 17 U.S.C. § 1201, *et seq.*;

10. **AWARDING** plaintiff pre-judgment interest as allowed by law;

11. **AWARDING** further legal and equitable relief that may be available to plaintiff as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully Submitted,

Dated: January 16th, 2024
      Brooklyn, NY

/s/ Hillary Wright

Hillary Wright
Plaintiff pro se
35 Park Pl, #1

Brooklyn, NY 11217
hwrightcopyright@gmail.com
580-304-6241

**Certification and Closing:**

A. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

B. For Parties Without an Attorney I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 11th, 2024

/s/ Hillary Wright

Signature of Plaintiff _____

Hillary Wright

Printed Name of Plaintiff _____